IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Huntington

INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132 HEALTH AND WELFARE FUND,
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132 PENSION FUND; INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL NO. 132
APPRENTICESHIP AND SKILL IMPROVEMENT FUND;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132 ANNUITY AND SAVINGS FUND; and
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132, AFL-CIO,

      Plaintiffs,

v.                                                         Civil Action No.  3:15-cv-12727

FELINE EXCAVATION AND CONSTRUCTION, INC.
a West Virginia corporation, and
EDITH BENNETT, individually and as a Fiduciary,

      Defendants.

## COMPLAINT

Your plaintiffs respectfully complain and say unto the Court as follows:

### COUNT ONE

1. Jurisdiction of the Court is invoked under the provisions of Section 502 and 515 of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act (MPPAA), 29 U.S.C. §§ 1132(g) and 1145, and under Section 301 of the Labor Management Relations Act of 1974, (LMRA), 29 U.S.C. § 185.

1

2. The Plaintiff, International Union of Operating Engineers, Local No. 132 Health and Welfare Fund (Health Fund), is a non-profit organization operated for the purpose of providing health and welfare benefits to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132 Pension Fund (Pension Fund) is a non-profit organization operated for the purpose of providing pension benefits to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132 Apprenticeship and Skill Improvement Fund (Apprenticeship Fund) is a non-profit organization operated for the purpose of providing training to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132 Annuity and Savings Fund (Annuity Fund) is a non-profit trust organization operated for the purpose of providing annuity benefits to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132, AFL-CIO (Union), is a labor organization representing employees for collective bargaining purposes and is a "Union" as defined by LMRA. The situs of the Plaintiff Health Fund, Pension Fund, Apprenticeship Fund and Annuity Fund are within the Southern District of the State of West Virginia.

3. The Defendant, Feline Excavation and Construction, Inc., is a West Virginia corporation, which at all times material to this action, was authorized to do business in the State of West Virginia and actively engaged in the construction industry affecting commerce.

4. Based upon information and belief, Defendant Edith Bennett, was the principal owner and president of the Defendant, Feline Excavation and Construction, Inc., at all times material to this action.

5. The Defendant, Feline Excavation and Construction, Inc., at all times material to this action, was an "employer" as defined in ERISA.

6. At all times material to this action, the Defendant, Feline Excavation and Construction, Inc., was bound to the terms and conditions of a collective bargaining agreement commonly referred to as the "Building and Construction Trades Agreement" by and between the West Virginia Construction Council affiliated with Construction Employers Association of North Central West Virginia, Inc., Kanawha Valley Builders Association, Ohio Valley Construction Employers Council, Parkersburg-Marietta Contractors Association, Tri-State Contractors Association of Huntington, West Virginia. and the International Union of Operating Engineers, Local Union No. 132, AFL-CIO, which agreement provided that the Defendant, Feline Excavation and Construction, Inc., would report and make monthly contributions to the Plaintiff Funds and withhold and pay union dues to the Plaintiff Union on behalf of its employees who are covered by such collective bargaining agreement.

7. At all times material to this action, the Defendant, Feline Excavation and Construction, Inc., was bound to the terms and conditions of a collective bargaining agreement commonly referred to as the "West Virginia Heavy and Highway Agreement" by and between the Constructors' Labor Council of West Virginia, Inc. and the International Union of Operating Engineers, Local Union No. 132, AFL-CIO, which agreement provided that the Defendant, Feline Excavation and Construction, Inc., would report and make monthly contributions to the Plaintiff Funds and withhold and pay union

dues to the Plaintiff Union on behalf of its employees who are covered by such collective bargaining agreement

8. At all times material to this action, the Defendant, Feline Excavation and Construction, Inc., was bound to the terms and conditions of a Fringe Benefit Program agreement whereby the Defendant, Feline Excavation and Construction, Inc., agreed to be bound by all of the terms and conditions of the Agreements and Declarations of Trust for each of the Plaintiff trust funds and to pay timely contributions to each Fund as such contribution amounts are set forth in the then current collective bargaining agreement.

9. On or about August 19, 2014, Harris, Hardin & Company, A.C., Certified Public Accountants, conducted a payroll compliance audit of the Defendant, Feline Excavation and Construction, Inc., for the period of January 1, 2012 through December 31, 2013. By a report dated August 19, 2014, the Plaintiffs and Defendants were notified of the findings of the audit which were that the Defendant, Feline Excavation and Construction, Inc., had not made all necessary contributions on behalf of its employee, Richard Bennett, and, as a result, the Defendant, Feline Excavation and Construction, Inc., owed additional contributions of $27,935.36 for the period included in the audit.

10. Although the Plaintiffs have requested payment from the Defendant, Feline Excavation and Construction, Inc., said Defendant has failed to pay the required contributions to the Plaintiff Trust Funds and the administrative dues to the Plaintiff Union as required by the above referenced collective bargaining agreements for its employees for all work performed during the period of January 1, 2012 through December 31, 2013.

11. Pursuant to the above referenced Plaintiff Funds' Trust Agreements and Collection Policy, and 29 U.S.C. §1132(g)(2), the Defendant, Feline Excavation and Construction, Inc., is obligated to the Plaintiff Trust Funds and Plaintiff Union in the amount of $27,935.36 for unpaid contributions and administrative dues, together with interest thereon in the amount of $10,405.84 and liquidated damages in the amount of $2,816.89 for a total amount owed of $41,158.09 as of the date of the filing of this complaint.

12. Pursuant to 29 U.S.C. §1132(g)(2), the Defendant, Feline Excavation and Construction, Inc., is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs.

13. A copy of this complaint will be served upon the Secretary of Labor and Secretary of Treasury as required by ERISA, 19 U.S.C. § 1132(h).

**WHEREFORE**, Plaintiffs pray this Court will:

A. Award judgment to the Plaintiffs against the Defendant, Feline Excavation and Construction, Inc., for the amount of contributions and dues owed to the Plaintiffs, together with interest and liquidated damages thereon;

B. Require the Defendant, Feline Excavation and Construction, Inc., to pay the costs of this proceeding, including attorney fees and auditor fees;

C. Award Plaintiffs such other and further relief against the Defendant, Feline Excavation and Construction, Inc., as to the Court may seem meet and proper.

## COUNT TWO

1-13. The Plaintiffs incorporate by reference Paragraphs 1-13 as if fully set forth herein in Count Two.

14. The Collective Bargaining Agreements between the Union and the Defendant, Feline Excavation and Construction, Inc., referenced in paragraphs 6 and 7, require fringe benefit contributions to the Plaintiff Trust Funds to be paid for each hour worked for an employer during each calendar month by all of his employees who are covered by the Collective Bargaining Agreements.

15. Pursuant to the Collective Bargaining Agreements, Trust Agreements, and the Funds' Policy for Collection of Delinquent Fringe Benefit Employer Contributions, the Funds have the right to sue the owner of the contributing employer for breach of fiduciary duty under ERISA.

16. Defendant Edith Bennett, at all times material herein, was the President and principal owner of the Defendant, Feline Excavation and Construction, Inc. In this capacity, Defendant Edith Bennett was responsible for preparing, reviewing, authorizing payment and submitting the monthly report and contributions to the Plaintiff Trust Funds. In this capacity, Defendant Edith Bennett exercised control over the disposition of money that was due and owed to the Plaintiff Trust Funds upon the performance of work by the employees of the Defendant, Feline Excavation and Construction, Inc.

17. Defendant Edith Bennett executed contracts and agreements with general contractors, subcontractors, unions, customers, and other third parties on behalf of the Defendant, Feline Excavation and Construction, Inc.; distributed paychecks; collected payroll information; and maintained the books and records of the Defendant, Feline Excavation and Construction, Inc.

18. Based upon the functions Defendant Edith Bennett performed, Defendant Edith Bennett individually maintained both formal and practical authority to direct that proper fringe benefit contributions be paid to the Plaintiff Trust Funds at all times relevant.

19. Based on the functions Defendant Edith Bennett performed, Defendant Edith Bennett exercised authority and control over the management and disposition of certain assets owed to Trust Fund assets.

20. As a result of exercising control and management over Trust Fund assets, Defendant Edith Bennett is a fiduciary under ERISA.

21. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries. . . for the exclusive purpose of . . . providing benefits to [them}." (29 U.S.C. §1104(a)(1)).

22. A fiduciary who used Trust Fund assets to satisfy other personal or business obligations breaches the fiduciary duty under ERISA.

23. Because Defendant Edith Bennett willfully and intentionally used Trust Fund assets contained within the accounts of the Defendant, Feline Excavation and Construction, Inc., and/or her personal accounts for purposes other than the exclusive purpose of providing benefits to the Trust Fund participants and beneficiaries, Defendant Edith Bennett breached her fiduciary duty.

24. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore to the plan any fortis of such fiduciary which have been made through the use of assets of the plan by the fiduciary . . ." (29 U.S.C. §1109 (a)).

**WHEREFORE**, Plaintiffs pray this Court will:

A. Declare that Defendant Edith Bennett is a fiduciary of the Plaintiff Trust Funds by virtue of her exercise and control of plan assets and that Defendant Edith Bennett be found in breach of her fiduciary duties.

B. Award judgment to the Plaintiffs against the Defendant Edith Bennett for the amount of contributions and dues owed to the Plaintiffs, together with interest and liquidated damages thereon;

C. Require the Defendant Edith Bennett to pay the costs of this proceeding, including attorney fees and auditor fees;

D. Award Plaintiffs such other and further relief against the Defendant Edith Bennett as to the Court may seem meet and proper.

                    INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 132 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 132 PENSION FUND; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 132 APPRENTICESHIP AND SKILL IMPROVEMENT FUND; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 132 ANNUITY AND SAVINGS FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 132, AFL-CIO
By Counsel

/s/ Lawrence B. Lowry
W.Va. Bar No. 2260
Attorney for Plaintiffs
Barrett, Chafin, Lowry & Amos
P. O. Box 402
Huntington, WV 25708-0402
Telephone: (304) 529-2434
Fax: (304) 529-6179
E-mail: lblowry@bclalaw.com